### EX PARTE SMALL

1. ADMINISTRATION.—PROBATE JUDGE may deny administration to person first entitled under the statute, if he is satisfied such person is not a fit and suitable one for the position.
2. IBID.—APPEAL.—Order settling right to administration is final order adjudging rights of claimants, and is appealable, and not the order of a succeeding Judge taking bond and issuing letters.
3. IBID.—CITATION.—If upon citation published for administration the probate judge decides that another than first petitioner should be appointed, he may so adjudge, without publishing a second citation.

Before DANTZLER, J., Lancaster, April, 1903. Reversed.

*Ex parte* E. A. Small, *in re* estate Samuel E. Usher. From Circuit decree, petitioner appeals.

*Messrs. R. E. Wylie* and *R. E. & R. B. Allison,* for appellants, cite: *As to finding of fact by probate court on appeal:* 13 S. C., 37. *As to discretion of probate court in refusing administration to party first entitled under statute:* Rice, 287; 2 Strob., 335. *Circuit Court has no jurisdiction to revoke letters of administration:* 4 S. C., 44; 22 S. C., 42; 33 S. C., 442; 2 Strob., 335. *Second citation should have been published:* Schouler's Exors. and Admr., 137; 11 Ency., 2 ed., 769.

*Messrs. Green & Hines,* contra, cite: *Finding by Circuit Court will not be disturbed:* 31 S. C., 206, 605; 37 S. C.,

285, 603, 89, 489. *Statutory provision as to administration is mandatory:* 17 S. C., 32; 2 Strob., 335; Rice, 287.

April 22, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The appellant, Mrs. E. A. Small, applied to Charles D. Jones, Esq., judge of probate for Lancaster County, for letters of administration on the estate of her father, Samuel E. Usher. Eliza J. Usher, widow of Samuel E. Usher, answered the petition, setting up her right to the administration. After hearing much testimony as to the charge of the personal unfitness of Mrs. Usher for the office, and as to her alleged purpose of allowing one of the children to appropriate a considerable portion of the estate as his own property, the probate judge reached the conclusion "that the estate in her hands would not be safe, and that she is not a proper person to administer the estate." In pursuance of this finding, the probate judge decreed that letters of administration be granted to the daughter, Mrs. Small, upon her giving bond in the sum of $4,000. From this decree Mrs. Usher appealed to the Circuit Court. The Circuit Court did not pass upon the issues of fact, but reversed the judgment of the probate court, and directed that administration be granted to Mrs. Usher, holding that she was not "legally disqualified," and that sec. 2512 of Civil Code, prescribing the order of preference in granting administration, is mandatory, giving the widow the absolute right to the letters.

This raises the interesting question whether the widow of an intestate is entitled to the administration of his estate without respect to her character, capacity, or purposes concerning the assets. Sec. 2512 of Civil Code provides that the probate judge "shall grant administration * * * in the following order, to wit: 1. To the husband or wife of the deceased."

There are expressions in the cases of *Thompson* v. *Hucket,* 2 Hill, 347; *Smith* v. *Wingo,* Rice, 289, and *McBeth* v.

*Hunt,* 2 Strob., 335, and in several cases in other jurisdictions, seeming to indicate that the widow's right is absolute and beyond the discretion of the probate court. The same general statement is made in the text of Woerner's American Law of Administration, sec. 242. In none of the cases, however, announcing this general proposition was there any issue as to the character, capacity or designs of the widow concerning the estate. The following is the view stated in 11 A. & E. Ency. Law, 767: "Where the statute fixes the priority of the right to appointment, the probate court is concluded thereby and cannot refuse to appoint a person so entitled, unless he lacks the necessary qualifications, or unless it would hazard the estate to observe the order of appointment prescribed."

The probate court is given by statute jurisdiction over all matters of administration, and before granting letters he is required "to issue a citation to the kindred or creditors of the intestate, or person deceased, to show cause, if any they have, why administration shall not be granted to the person or persons applying therefor." No exception is made as to those entitled to preference, and we can see no ground to deny the right of those interested to show cause against the grant to such persons; and certainly one of the highest causes would be that the person applying was without character upon which to base a trust, or had given by conduct convincing reasons for the conclusion that he designed to divert the assets from the purposes of administration.

It has never been doubted that under his general jurisdiction of matters of administration, the probate judge has power to revoke letters of administration for waste or misappropriation of the assets, or complete unfitness for the trust, and this without regard to the administrator having been appointed from the preferred class. It would be a curious legal rule which would allow the revocation of administration for cause and would not allow its denial for like cause.

It is true, that under the statute a widow has the legal

right to the administration, but no right is arbitrary or unqualified by a correlative duty. The law provides administration as a means for the collection and distribution of assets. The right of those interested to have collection and distribution according to law is the dominant right; the right of any particular person to take charge of the assets is a secondary right. If the allowance of the claim to exercise this secondary right would result in defeating the main purpose to be attained, it must be refused. From what has been said, it is obvious that all presumptions are in favor of the claimant to whom the statute gives a preference, and letters should be granted to such claimant, unless the testimony is so strong as to produce an abiding conviction that such grant would practically defeat rather than promote the ends of administration.

We express no opinion as to whether the facts here sustained the conclusion of the probate judge, because that question was not decided by the Circuit Court. The Circuit Court had the power to review all the findings of the probate court, under the provisions of sec. 55 of the Code of Civil Procedure.

The order of Probate Judge Jones, decreeing that the letters of administration should be granted to Mrs. Small, was really the final order adjudicating the rights of the parties, and was, therefore, appealable. The consideration of the appeal from this order necessarily involved the right to the administration. The actual grant of the letters by Probate Judge Stewman was merely an administrative order carrying out the decree of Probate Judge Jones. A reversal of Judge Jones' order necessarily carried with it a revocation of the letters of administration.

When a petition for letters of administration is filed and the probate judge issues a citation, under sec. 2516 of the Civil Code, to show cause why letters of administration should not be granted to the petitioner, if, upon the hearing, he decides against the right of the petitioner, he may grant the administration to another without a

second citation. The purpose of the notice is to give all interested an opportunity to be heard before granting the letters, and this purpose is sufficiently accomplished by one citation. We think this is the fair interpretation of the terms of the statute, and it certainly prevents delay and inconvenience to persons interested.

The cause is remanded to the Circuit Court for consideration of the question whether the evidence offered adequately sustained the conclusion of the probate judge as to the propriety of granting the letters of administration to the widow.