245 S.C. 315 (1965)
140 S.E.2d 478
In re the ESTATE of Creola C. McCLAM.
Moseley C. COLEMAN et al. Appellants,
v.
Robert W. COLEMAN et al., Respondents.
18303
Supreme Court of South Carolina.
February 10, 1965.
*316 Messrs. Yarborough & Nettles, of Florence, S. Russell Floyd, of Lake City, James P. Mozingo, III, of Darlington, E. DeLance Poston, of Johnsonville, and H.F. Bell, of Chesterfield, for Appellants.
Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell, and McEachin, Townsend & Zeigler, of Florence, Rogers E. Harrell, of Kingstree, and Thomas A. Evins, of Spartanburg, for Respondent.
*317 February 10, 1965.
TAYLOR, Chief Justice.
On June 2, 1959, Moseley C. Coleman was appointed as Committee for his sister Creola C. McClam, an incompetent. On September 2, 1963, Creola C. McClam died intestate and Coleman, as one of her heirs at law, filed a petition in the Probate Court of Florence County seeking appointment as administrator of her estate. Respondents herein, a brother, sisters, and nephew of the deceased, Creola C. McClam, filed a petition objecting to such appointment and in the prayer thereof requested that the Citizens and Southern National Bank of Florence be appointed as administrator.
A hearing was held before the Honorable C. Kenneth Grimsley, Probate Judge for Florence County, on October 1, 1963, and he issued his Order, dated October 15, 1963, appointing Moseley C. Coleman administrator. Respondents appealed to the Circuit Court; and the Honorable Louis Rosen, in his Order of November 30, 1963, reversed the Order of the Probate Court, holding that Moseley C. Coleman was disqualified to act as administrator as a matter of law, and appointed the Citizens and Southern National Bank as administrator. This appeal followed.
*318 Appellants, who are Moseley C. Coleman and the remaining brothers and a sister of the deceased contend that the Circuit Court erred in declaring Moseley C. Coleman disqualified to act as administrator of the estate of Creola C. McClam, and in appointing the Citizens and Southern National Bank as administrator.
The Circuit Judge relied on the case of Ex Parte Tolbert, 206 S.C. 300, 34 S.E. (2d) 49; in holding that Moseley C. Coleman was disqualified to act as administrator of his sister's estate in that as her Committee he would "be required to account to the personal representative of her estate, and to turn over to the personal representative of Creola C. McClam the assets of her estate. He will be called on to make an accounting for his acts and doings with reference to her estate, and this presents a conflict of interests, and is a sound reason why he should not be appointed as her administrator. The contest on the part of the appellants is not on the basis of the character or competency of Mr. Moseley C. Coleman to act and nothing in this order will, or can be, construed as a reflection upon his character or competency. His disqualification to act arises out of his relationship to the business and affairs of the intestate which he conducted as her Committee."
In Ex Parte Tolbert, application for letters of administration was made by a nephew of the deceased and opposed by the deceased's brother. The Probate Judge appointed the nephew administrator, which action was affirmed by the Circuit Judge and by this Court.
The Court stated that: "In the early days of the common law the Ordinary (as he was then called) might appoint as administrator whomsoever he pleased, but later there were statutes enacted providing for the appointment of some one of the heirs-at-law of the deceased in a certain order of priority. And the statute now in effect is that contained in Section 8968 (Codes 1932 and 1942) [now Section 19-403, Code of Laws of South Carolina, 1962], and under the *319 terms thereof a brother has the priority over a nephew. This section says that the Judge of Probate `shall grant administration' in this order. In other words, the statute uses the mandatory word `shall'. But, as was held in * * * Ex parte Small, 69 S.C. 43, 48 S.E. 40, * * * the Judge of Probate may deny administration to the person first entitled under the statute if upon the showing made before him he is satisfied that such person is not properly qualified for the position, and among other things the court calls attention to the fact that the granting of letters of administration is not automatic, because the law requires the issuance of a citation, to the end that the kindred or creditors of the intestate may show cause why the administration should not be granted to the person applying for it, notwithstanding such person may have the statutory priority. * * * disqualification * * * is not confined to the matter of character or intellectual competency, for no reflection is cast upon the appellant in this respect. One may, however, be disqualified to act as administrator for some good reason arising out of his relation to the business and affairs of the intestate. This principle was recognized in the case of Rowell v. Adams, 83 S.C. 124, 65 S.E. 207, where it was stated that a surviving partner of a decedent as a general rule could not be appointed administrator of the estate, nor ought one interested against the heirs or the estate be appointed. Other authorities to the same general effect may be found in 23 C.J. 1047 and 33 C.J.S., Executors and Administrators, § 46, p. 950. * * * it is apparent that the appellant will be called on to make an accounting for his acts and doings with reference to the estate of his deceased brother, and this conflict of interests is a sound reason why he should be held disqualified to act as administrator."
Under the facts of this case as presented we are of opinion that the Circuit Court properly found that a conflict of interests would exist if Moseley C. Coleman were appointed administrator of the estate of Creola C. McClam after having served as her Committee. It remains *320 for Moseley C. Coleman to make his final accounting and to turn over to the representative of the estate all assets in his possession.
The remaining question relates to the propriety of the Circuit Court in appointing the Citizens and Southern National Bank as administrator.
Section 19-403 of the Code of Laws of South Carolina, 1962, provides that the Probate Judge shall grant letters of administration in case of intestacy in the following order of priority: (1) To the husband or wife of the deceased; (2) to the child or children or their legal representative; (3) to the father or mother; (4) to the brothers and sisters; (5) to such of the next of kin, at the discretion of the Judge of Probate, as shall be entitled to a distributive share; and (6) to the greatest creditor or creditors or such other persons as the Court shall appoint.
As noted in Ex Parte Tolbert, the granting of letters of administration is not automatic or mandatory as the person having the statutory priority may not be granted the administration if just cause be given. However, Section 19-403 is mandatory to the extent that letters of administration shall be granted in the above order of priority if the applicant is qualified and willing to serve.
In instant case the deceased, Creola C. McClam, was survived by 5 brothers and 5 sisters, all of whom are equally entitled to consideration of being appointed administrator or administratrix under Section 19-403. The fact that Moseley C. Coleman is not entitled to the administration of his sister's estate in no way prejudices the rights of the intestate's remaining brothers and sisters. We, therefore, are of opinion that the appointment of the Citizens and Southern National Bank as administrator of the estate of Creola C. McClam by the Circuit Court was premature, that this case should be remanded to the Probate Court for Florence County in order for it to appoint a qualified administrator *321 or administratrix in conformity with the above; and it is so ordered. Affirmed in part; reversed in part.
MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.