18880

William A. DUNLAP and James C. Dunlap, Jr., Administrators C. T. A. of the Estate of Susan F. Stringer, Florence Fain, Louise Fain Gerry, Lucy Fain By E. Randolph Stone, Guardian *Ad Litem*, Dorothy Fain By South Carolina National Bank, Committee, James C. Dunlap, Jr., Virginia Dunlap Shelton, William A. Dunlap, John K. Dunlap, Noel Frances Symons By E. Randoph Stone, Guardian *Ad Litem*, and Thomas William Symons, Respondent-Appellants, v. The PEOPLES NATIONAL BANK OF GREENVILLE, as Committee for Susan Fain Stringer, a person *non compos mentis*, Petitioner-Respondent. *In re* James C. DUNLAP, JR., Plaintiff, v. Susan Fain STRINGER, William A. Dunlap and The Peoples National Bank of Greenville in its capacity as an individual corporation and as Trustee under agreement with Susan Fain Stringer dated April 23, 1956, Defendants.

(166 S. E. (2d) 313)

*Messrs. Wyche, Burgess, Freeman & Parham and Rainey, Fant & Horton,* of Greenville, *for Respondents-Appellants,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, and *John M. Spratt,* of York, *for Petitioner-respondent,*

February 24, 1969.

LITTLEJOHN, Justice.

In April, 1956, Mrs. Susan Fain Stringer settled approximately $400,000 in properties in a revocable trust with the Peoples National Bank (hereinafter referred to as "the bank") as trustee. The trust agreement provided for compensation to the bank of five per cent of annual net income and one-half per cent of the value of the assets upon termination of the trust after a period of more than ten years. The terms of the trust gave to the bank wide latitude in making investments and in handling the properties involved.

In October, 1966, (more than ten years after creation of the trust) Mrs. Stringer became mentally incompetent.

James C. Dunlap, Jr., great-nephew of Mrs. Stringer, repre-
sented by the bank's attorney, brought an action against Mrs.
Stringer, other relatives and the bank seeking on order
authorizing the continuance of the trust and seeking the
appointment of a committee to take charge of the estate of
the incompetent.

The action was obviously a friendly one and resulted in
an order of the court appointing the bank as committee and
authorizing the bank to continue to act as trustee and manage
those properties already placed in the trust estate. This
resulted in the bank's coming to administer as committee
those properties of Mrs. Stringer which had not been placed
in the trust, and continuing to administer as trustee those
properties which had been placed in the trust. This method
of handling her properties continued for a period of six
months, at which time Mrs. Stringer died.

The present proceedings were commenced by petition of
the bank seeking approval of its final accounting and dis-
charge, both as committee and as trustee for Mrs. Stringer's
properties. The petition asked that the court fix the fees to
which the bank was entitled and determine the fees for the
bank's attorneys.

It is the position of the bank that it is entitled to the
statutory commission of two and one-half per cent of both
the committee properties and the trust properties. It is the
contention of the beneficiaries of Mrs. Stringer's will that
only the one-half of one per cent termination fee provided in
the trust agreement is due the bank insofar as the trust
properties are concerned. The trust estate at the time of
Mrs. Stringer's death was valued at approximately $1,200,-
000.

Upon hearing before the circuit court, it was held, *inter
alia:* (1) that the trust assets were a part of the incom-
petent's committee estate; (2) that the bank was entitled to
a commission of two and one-half per cent of all personal
assets, including principal and income received by the bank

as committee, plus two and one-half per cent of all personal property assets, including principal and income paid out from both the committee estate and the trust estate; and (3) that $6,000 is a fair and reasonable fee for the attorneys for the bank to be paid from the Stringer properties.

This appeal is brought by the beneficiaries of Mrs. Stringer's will challenging each of the holdings just enumerated and challenging the action of the circuit judge in excluding certain letters from the record in settlement of the case for appeal.

The primary issue on appeal is whether the bank held the trust assets as trustee and as committee, or as trustee only. Stated differently, when the bank transfers the trust assets to Mrs. Stringer's personal representative, should the bank receive the one-half per cent termination fee provided in the trust instrument or should it receive the two and one-half per cent commission allowed by statute to a committee?

It is the position of the bank that the trust agreement was continued within the committeeship and as a part thereof in order to preserve the powers vested in the bank by the trust instrument with respect to the handling of marketable securities. It is the position of the beneficiaries that the trust continued as a separate entity.

We must determine the capacity in which the bank held the Stringer properties at the time of Mrs. Stringer's death in the light of the trust agreement and in the light of the order growing out of the committee action. Under the view we take we need not go beyond the order of Judge Agnew in the committee appointment proceedings because we think that the rights of all parties were fixed at that time and anything that took place after the order of Judge Agnew would not change the rights of the parties.

The order here on appeal must be interpreted and evaluated in the light of the issues which were before the court and in the light of the pleadings and the evidence submitted.

In the committeeship proceedings Mr. Dunlap expressed in his pleadings his belief that the bank would be a qualified and suitable institution to act as committee, and he also asked the court "to ratify and affirm the trust and authorize the said bank to continue to serve as trustee under the terms and provisions of the Trust Agreement * * *."

The bank's answer alleged in part:

"That this defendant is informed, believes and alleges that it would be to the best interest of the defendant, Susan Fain Stringer, for this defendant to continue to act as Trustee with respect to that portion of her estate now being held and administered in trust under the said Trust Agreement and that it is proper that the Court ratify and reaffirm the trust and authorize this defendant to continue to serve as Trustee thereunder and in the future to render a periodic accounting at least annually unto the Court."

Testimony was taken in the committeeship proceedings before the master. Mr. William A. Dunlap, another grand-nephew of Mrs. Stringer, testified:

"Q. Is it your recommendation that the Peoples National Bank be authorized and permitted by the Court to continue serving as trustee with respect to the same property they now hold as trustee?

"A. I feel they would be the logical choice.

"Q. Is it, also, your recommendation that the Bank be appointed as committee for any other property which may be owned by Mrs. Stringer?

"A. Yes."

Mr. William Bridgers, a trust officer of the bank, testified:

"Q. Is the Bank willing to continue serving as trustee under this trust agreement?

"A. Yes.

"Q. At the same rate of compensation as stated in the agreement?

"A. Yes."

The master recommended that the bank be authorized to continue as the trustee for the portion of the estate then held by it in trust, and the order of the circuit judge confirming the master's report reads in part as follows:

"IT IS FURTHER ORDERED that the revocable Trust created under Agreement between the Defendant, Susan Fain Stringer and The Peoples National Bank of Greenville dated April 23, 1956, be and it is hereby ratified and affirmed, and said Bank is hereby authorized and directed to continue acting as the Trustee under said Agreement with respect to that portion of the estate now subject to the Trust, and said Trustee is further authorized to exercise the powers, authority and discretion vested in it under the terms and provisions of said Trust Agreement, provided, however, that said Bank as Trustee, shall be required to render a full and complete accounting of said Trust, at least annually, unto this Court, said accounting to be filed with the Clerk of Court of Common Pleas for Greenville County."

Under the view we take of this matter we need not consider the question of whether the bank as trustee could legally have transferred the trust assets to itself as committee. Certainly the case of *In Re McClam's Estate*, 245 S. C. 315, 140 S. E. (2d) 478 (1965), should have given the bank much concern. This case held that a committee for an insane person could not account to himself as administrator of the insane person's estate. To permit the trustee to account to himself as committee would be subject to the same objection. The record of the committeeship proceedings reviewed above clearly establishes that the bank agreed, with respect to the assets held in trust, to continue to serve in its trustee capacity only.

The lower court, in permitting fees on the trust assets beyond the fees provided for in the trust instrument, was apparently largely influenced by the fact that in the committeeship proceedings the bank was required to post a bond covering all of the assets of Mrs. Stringer and was required

to make periodic accountings to the court covering all the assets in the estate.

The order of the court in the committeeship proceedings actually required two accountings by the bank, one as trustee and one as committee, and in our view substantiates our opinion that the bank agreed to act as trustee with respect to the trust assets and as committee with respect to the remaining assets. The bond required of the bank was for an amount exceeding the value of the entire estate, but it was the bank's own bond, without additional sureties, and actually gave no additional protection. The bank was liable as a fiduciary with or without its own bond.

We conclude that the first order in the committee proceedings did not make the trust properties part of the committee estate, and conclude further that the lower court was in error in allowing commissions for handling the trust estate over and above those provided for in the trust agreement itself.

The second question on this appeal concerns the fees set by the lower court for the bank's attorneys. The beneficiaries of the estate, the appellants herein, contend that some portion of the services rendered by the bank's counsel were rendered for the benefit of the bank individually rather than for the bank as committee and trustee.

The judge's order must be viewed in the light of the issue which was before the court at the time. There was of course no reason for the court to concern itself with compensation due counsel for services rendered to the bank in its corporate capacity. It is obviously difficult to determine with exactness those services rendered solely for the estate and those rendered solely for the bank in its corporate capacity.

The trial judge had before him the complete record in both the committee estate action and in this litigation. The fee awarded was for services rendered the estate alone and he so indicated in his order when he said:

"The attorneys for the administrators have suggested that some of the services rendered by the Committee's attorneys were rendered for the Bank in its individual capacity and not for the estate and the Bank in its fiduciary capacity. I do not think that this contention has any merit. There is ample testimony and evidence in the record to indicate that the time devoted by the attorneys for the Committee was rendered for the benefit of the estate and the Bank as Committee, and not for the Bank in its individual capacity. Substantially all of the proceedings in this matter have been before this Court and I am, to a large extent, personally familiar with the services rendered, and I find, based upon the evidence and testimony that the services rendered and the time devoted to this matter as testified to by Mr. Walker clearly were rendered for the Bank in its fiduciary capacity and not in its individual, capacity and that these services were for the benefit of the entire estate."

The question of the attorneys' fees was for the determination of the trial judge and we find no error in his handling of that issue.

During the course of the trial correspondence between beneficiaries of the estate and/or persons acting in their behalf, and the bank's attorneys, was offered in evidence. When this record was made up for appeal a contest arose as to whether the instruments were admitted or excluded. Upon a settlement of the record the judge held that the same had been excluded. Counsel for appellants excepted to such ruling and asked this court to overrule the trial judge in the settlement of the record and to consider these letters which have been printed in the appendix and made a part of the transcript. We have studied these letters and conclude that our determination would be the same with or without the letters in evidence, and accordingly find it unnecessary to rule upon this issue.

Affirmed in part, reversed in part, and remanded.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.