21786

In the Matter of Joseph Rees BALDWIN, Respondent.
(294 S. E. (2d) 790)

*Atty. Gen. Daniel R. McLeod, Sr. Asst. Atty. Gen. Richard B. Kale, Jr., and Asst. Atty. Gen. Clifford O. Koon, Jr.,* Columbia, *for complainant.*

*James J. Raman,* Spartanburg, *for respondent.*

August 26, 1982.

*Per Curiam:*

This matter is before the Court for review of the independent recommendations of the Hearing Panel (Panel) and Executive Committee of the Board of Commissioners on Grievances and Discipline (Board) that respondent Joseph Rees Baldwin, an attorney, be publicly reprimanded for the commission of several specific acts of professional misconduct.

First, respondent was charged with neglect of a legal matter entrusted to him and failure to carry out a contract of

employment with his client. Respondent represented Thomas Evans on several serious charges. On October 5, 1979, Evans was tried and found guilty on two of the these charges. Respondent timely filed a Notice of Intent to Appeal but failed to perfect the appeal or otherwise protect Evans' rights.

Respondent contends he was fired by Evans; that Evans' family advised him another attorney would take his appeal; that Evans never asked respondent to proceed with the appeal; and that his filing of Notice of Intent to Appeal was done to protect Evans' rights should he hire another attorney to handle his appeal.

Rule 7 of the Rules of Practice for the Circuit Courts states: "An attorney may be changed by consent or upon cause shown, and upon such terms as shall be just, upon the application of the client, by order of the Circuit Judge, and not otherwise." In failing to perfect Evans' appeal or otherwise protect his rights, the conduct of respondent, who was continuing as Evans' attorney of record, clearly evidences dereliction of a duty.

Second, respondent was adjudged to be in contempt of court by a circuit judge on October 10, 1979, for failure to appear before him as ordered. The record shows this was not the first time respondent had failed to show in court at the required time. This circuit judge had previously warned respondent about his failure to appear in court. Even after respondent was telephoned and told his case was ready to be heard, he did not show up until one hour later, when he was then escorted by deputies to the courthouse. We conclude respondent is guilty of professional misconduct in this matter.

Third, on January 30, 1981, the Judge of Probate for Spartanburg County found respondent in contempt of court and sentenced him to six months with allowance to purge himself by filing a proper accounting as previously ordered as co-committee in the estate of Melvin Fowler, *non compos mentis*. The probate judge had scheduled three appearances for the purpose of filing a proper accounting. On January 26, 1981, after respondent had twice failed to appear, the probate judge advised respondent he would issue a warrant for his arrest should respondent fail to comply with Orders of the Court thereafter. Respondent failed to appear as ordered at 10:00 a.m. on January 30, 1981, and law enforcement officers were

dispatched to bring respondent to court. The contempt citation was later purged, nevertheless, we conclude respondent is guilty of professional misconduct in this matter.

■ The recommendations of the Panel and the Executive Committee are advisory and not binding upon this Court. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960).

■ We agree with the Panel and the Board that respondent violated DR1-102(A)(5), DR1-102(A)(6), DR6-101(A)(3) and Rule 5(D) of the Rule on Disciplinary Procedure; however, we believe the appropriate sanction, in view of respondent's continuous pattern of misconduct and instances of disrespect of the judicial system, is indefinite suspension:

> "The purpose of suspending or disbarring an attorney is to remove from the profession a person whose misconduct has proved him unfit to be entrusted with the duties and responsibilities belonging to the office of an attorney, and thus to protect the public and those charged with the administration of justice, rather than to punish the attorney."

*In the Matter of Kennedy*, 254 S. C. 463, 176 S. E. (2d) 125, 126 (1970) [quoting 7 Am. Jur. (2d) 50, *Attorneys at Law*, Section 13].

It is therefore ordered that respondent be and he is hereby indefinitely suspended from the practice of law in this State, and that he shall forthwith surrender to the Clerk of Court the certificate heretofore issued by this Court admitting him to practice.

It is so ordered.

GREGORY, Justice (concurring and dissenting):

While I agree with the findings of professional misconduct, I respectfully disagree with the sanction imposed by the majority. Both the Panel and Executive Committee unanimously recommended a public reprimand as the appropriate sanction. I concur in their recommendation.