### 21862

In the Matter of John Michael GALLOWAY, Respondent.

(300 S. E. (2d) 479)

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*David D. Armstrong,* Greenville, and *Gerald M. Finkel,* Columbia, *for respondent.*

Feb. 16, 1983.

*Per Curiam:*

This is a disciplinary proceeding. The Hearing Panel and Executive Committee of the Board of Commissioners on Grievances and Discipline found respondent John Michael Galloway had committed acts of misconduct and recommended disbarment.

Respondent and his attorney and the attorney for the Complainant entered into a Stipulation admitting these facts:

1. On or about April 24, 1981, the Respondent forged on a check in the amount of Three Thousand Six Hundred ($3,600.00) Dollars, the signature of Harley Weisner, the Executor of the Estate of E. E. Long. The proceeds of this check were subsequently used to cover a personal check previously issued to purchase a motorboat for Three Thousand Four Hundred ($3,400.00) Dollars, which was to be used by re-

spondent for his personal enjoyment. Restitution on this account was made in full on May 13, 1981, before institution of a formal grievance or complaint.

2. (a) On or about March 11, 1980, respondent withdrew Two Thousand Five Hundred ($2,500.00) Dollars from his firm's trust account, using Two Thousand ($2,000.00) Dollars of that amount to pay his wife's alimony and the remaining funds for other personal use.

2. (b) On or about June 30, 1980, respondent withdrew from his firm's trust account the sum of One Thousand ($1,000.00) Dollars, which was deposited in his personal bank account and used to purchase groceries, personal automobile insurance, clothing, flowers, jewelry, and to pay his doctor's bill and his electrical bill.

2. (c) On or about October 22, 1980, respondent withdrew Five Thousand Six Hundred Fifty ($5,650.00) Dollars from his firm's trust account, which funds he deposited in his personal account to cover a check previously issued by him to the Internal Revenue Service in the amount of Five Thousand Four Hundred Forty-Eight and 74/100 ($5,448.74) Dollars for payment of his personal income taxes.

2. (d) On or about January 28, 1981, respondent withdrew Five Hundred ($500.00) Dollars from his firm's trust account. The proceeds were deposited in his personal checking account and paid to a personal friend.

2. (e) On or about October 7, 1981, respondent withdrew Six Hundred ($600.00) Dollars from his firm's trust account. The proceeds were deposited in his personal checking account and used to cover two personal checks previously issued to make payments on a personal loan and his personal residence mortgage loan.

Partial restitution was made by respondent on August 3, 1981, by depositing to his law firm's trust account the sum of Two Thousand Nine Hundred Ninety-Three and 72/100 ($2,993.72) Dollars. Complete restitution was made on all of the above funds on November 10, 1981, by payment by respondent of the sum of Twelve Thousand Eight Hundred Sixty-Four ($12,864.00) Dollars.

We concur with the following Conclusions of Law made by the Panel and adopted by the Executive Committee:

1. The Respondent has engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR9-102(A)(4).
2. The Respondent has failed to preserve the identity of funds and property of his client by diverting such funds to his own use in violation of DR-102(A)(1) and (2).
3. Respondent is guilty of repeated actions of misconduct that span over a year and by such actions he has committed acts which violate the Code, and by engaging in such conduct he has polluted the administration of justice and brought the legal profession in disrepute in violation of the Rule on Disciplinary Procedure, Paragraph 5.

The purpose to be served by removing from the profession a person whose misconduct has proved him unfit to be entrusted with the duties and responsibilities belonging to the office of an attorney is to protect the public and those charged with the administration of justice. *In the Matter of Baldwin*, S. C., 294 S. E. (2d) 790, 791 (1982) [Quoting *In the Matter of Kennedy*, 254 S. C. 463, 176 S. E. (2d) 125, 126 (1970)].

We concur with the recommendations of the Hearing Panel and Executive Committee that respondent be disbarred from the practice of law in this State.

It is therefore ordered that respondent be, and hereby is, disbarred from the practice of law in this State. He shall within five (5) days from the service of this Order surrender his license to practice law to the Clerk of the Supreme Court for cancellation.

It is so ordered.