22012

In the Matter of Roy Ellison GARRIS, Jr., Respondent.

(309 S. E. (2d) 755)

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Thomas E. McCutchen,* Columbia, *for respondent.*

Dec. 2, 1983.

*Per Curiam:*

In this disciplinary proceeding, the Hearing Panel and Executive Committee of the Board of Commissioners on Grievances and Discipline determined respondent Roy E. Garris, Jr. had committed acts of misconduct warranting disbarment. We agree.

Respondent admits these facts:

(1) Between May 21, 1982 and September 8, 1982 respondent made twenty-five withdrawals totaling $46,971.85 from his trust account. Respondent used these funds for his personal benefit.

(2) On September 29, 1982 respondent delivered to his client a check in the amount of $2,000 which was dishonored twice. This obligation was subsequently satisfied on December 12, 1982.

It appears from the record that respondent has essentially made restitution of the misappropriated funds by payment of an outstanding debt of his client in the amount of $48,820.30.

We essentially concur with the conclusions of law made by the Panel and adopted by the Executive Committee.

We hold that:

(1) Respondent failed to maintain complete records of the funds with which he was entrusted in violation of DR9-102(B)(3). His utilization of these funds for his personal business and use constituted illegal and dishonest conduct in violation of DR1-102(A)(3) and (4).

(2) Respondent continually used, from May, 1982 through September, 1982, funds from his trust account for his personal and business use, failed to account for these funds, and failed to maintain these funds for his clients, in violation of DR1-102(A)(3) and (4) and DR9-102(B)(3).

(3) Respondent is guilty of misconduct by his commission of acts in violation of the Code; and by engaging in this conduct he polluted the administration of justice and brought the legal profession into disrepute in violation of the Rule on Disciplinary Procedure, Section 4.

Although respondent has introduced mitigating evidence, nothing can justify his wilful misappropriation of funds from his trust account.

Respondent submitted a letter of permanent resignation subsequent to oral arguments, but prior to the filing of this opinion. We refuse to accept his resignation at this stage of the proceedings, as the State has devoted considerable time and expense toward the prosecution of this case.

It is therefore ordered that respondent be, and hereby is, disbarred from the practice of law in this State. He shall within five (5) days from the service of this Order surrender his license to practice law to the Clerk of the Supreme Court for cancellation.