### 22761

In the Matter of Odell Harry BOZARDT, Jr.
(359 S. E. (2d) 58)

Supreme Court

*Thomas B. Bryant, III,* of *Bryant, Fanning & Shuler,* Orangeburg, *for respondent.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*James B. Jackson,* Orangeburg, *guardian ad litem.*

Heard June 9, 1987.

Decided Aug. 3, 1987.

*Per Curiam:*

This is a disciplinary proceeding in which the respondent O. Harry Bozardt, Jr., is charged with numerous acts of

misconduct as a result of his failure to maintain records of clients' funds entrusted to him, to render appropriate accountings, and the misappropriation of clients' funds to personal use. The Hearing Panel and Executive Committee of the Board of Commissioners on Grievances and Discipline (the Board) found that O. Harry Bozardt, Jr., had committed acts of misconduct and recommended permanent disbarment. We agree.

Initially a grievance was filed against respondent alleging that he failed to account for $95,000 of a client's money and misappropriated these funds. The Board petitioned this Court for a temporary suspension of respondent's license to practice law and an audit of his records. On October 8, 1986, respondent was temporarily suspended from the practice of law. Subsequently, respondent tendered an Affidavit and Consent to Disbarment, which was rejected by this Court pending an accounting of respondent's assets and a full investigation by the Board of his handling of all client funds.

After its investigation, the Board filed a complaint against respondent asserting, *inter alia*, his failure to account for and misappropriation of client funds. Respondents admitted the material allegations set forth in the complaint, including the continuous misappropriation of various clients' funds totaling approximately $300,000 over a period of years beginning from the mid-1970's.

Respondent's conduct exhibits an utter disrespect for the legal profession and its ethical standards. During oral argument, the Court was advised that respondent was serving two five-year sentences in federal prison as a result of his entry of guilty pleas to charges in matters tangentially related to these proceedings. A detailed recital of respondent's callous violations would serve no useful purpose. Indeed, repetition of his sordid behavior could lead to additional injury or damage to innocent individuals and institutions who have already suffered financial loss and damages as a result of such illegal and unethical conduct. Respondent's continuous illicit and unethical activity violated the *Code of Professional Responsibility*, DR1-102(A)(3, 4); DR9-102(B)(3), Rule 32, *Rules of the Supreme Court*, and the Rules on Disciplinary Procedure, § 5. *See also, Matter of Garris*, 279 S. C. 559, 309 S. E. (2d) 755 (1983). It is, therefore,

ORDERED that O. Harry Bozardt, Jr., be and he hereby is disbarred from the practice of law in this state. It is further ordered that respondent shall, within five (5) days from the date of this Order, surrender his license to practice law to the Clerk of the Supreme Court for cancellation.

It is so ordered.