22791

In the Matter of Harry Windell DROTOR, II.

(362 S. E. (2d) 15)

Supreme Court

*Atty. Gen., T. Travis Medlock, Asst. Attys. Gen., B. J. Willoughby* and *Pope Brooks Shealy, Jr.,* Columbia, *for complainant.*

*Kenneth C. Anthony, Jr.,* Spartanburg, *for respondent.*

Heard Oct. 6, 1987.

Decided Nov. 9, 1987.

*Per Curiam:*

This is an attorney grievance proceeding. The Hearing Panel and the Executive Committee found respondent committed acts of misconduct and recommended disbarment. We agree with both the finding of attorney misconduct and the recommendation that respondent be disbarred.

The complaint in this matter charged respondent with misappropriating client trust account funds and using more than $90,000 for personal expenses and over $40,000 for business expenses. It also alleged that as a result of these misappropriations, more than $150,000 in trust funds could not be paid on behalf of four of respondent's clients.

Respondent admitted all allegations contained in the complaint and tendered his resignation from the bar, with the stipulation that he never seek readmission. He later consented to disbarment. This Court, however, rejected both requests until it could be determined to what extent assets were available for protection of respondent's clients.

It appears that respondent's trust account, having a balance of $23,486.89, is the only asset of substantial value. Claims outstanding as a result of respondent's misappropriation of trust funds exceed $170,000.

It is undisputed that respondent misappropriated funds from his trust account and used them for personal and business expenses. In doing so, he has engaged in illegal and dishonest conduct in violation of DR 1-102 (A)(3) and (4); he has failed to preserve the identity of trust funds and diverted these funds for his own use in violation of DR 9-102 (A) and (B)(4); and he has polluted the administration of justice and brought the legal profession into disrepute in violation of paragraph 5 of the Rule on Disciplinary Procedure.

Although he originally consented to disbarment, respondent later submitted that indefinite suspension is the appropriate sanction. We believe that respondent's wilful misappropriation of client trust funds mandates disbarment in this case. *See In re Garris*, 279 S. C. 559, 309 S. E. (2d) 755 (1983); *In re Galloway*, 278 S. C. 615, 300 S. E. (2d) 479 (1983).

Pursuant to a June 28, 1985, Order issued for the Court by former Chief Justice Bruce Littlejohn, the Chairman of the Board of Commissioners on Grievances and Discipline designated a Receiver to collect respondent's assets and determined any outstanding claims against respondent. On July 24, 1987, the Board adopted the report and recommendations of the Trustee, who served also as Receiver. We affirm the recommendation of the Board that assets of respondent be disbursed as recommended in the Trustee's Report.

Respondent is disbarred from the practice of law in this State. Within ten days of the date of service of this opinion, respondent shall surrender his license to practice law to the Clerk of this Court.

Disbarred.