23210

In the Matter of Larry Laverne HANNA, Respondent.

(391 S.E. (2d) 728)

Supreme Court

*Atty. Gen. T. Travis Medlock,* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Larry Laverne Hanna,* Myrtle Beach, *pro se.*

Heard March 19, 1990.

Decided May 7, 1990.

*Per Curiam:*

Respondent is charged with numerous acts of misconduct in this attorney grievance. Both the Hearing Panel and Executive Committee recommend disbarment. We agree.

## FACTS

Prior to the circumstances giving rise to this grievance, Respondent had represented one Pristine Lineback Aericko (Aericko) in estate matters. At the time of the alleged misconduct here, Aericko was approximately nineteen years old and married to Terry William Aericko.

Aericko retained Respondent to represent her for injuries sustained in an October, 1981, automobile accident. The contingency contract entitled Respondent to a fifty percent (50%) fee. On February 8, 1984, Respondent reformed the contract with a "Final Agreement" which, at his request, Aericko and her husband signed. Under the terms of this agreement Respondent, for the sum of $25,000, "purchased" Aericko's right to any settlement proceeds. Later the same day, he settled the case for $175,000, retaining $150,000 for himself and paying the balance of $25,000 to Aericko,[1] representing a fee of 85%.

---

[1] $20,000 of this amount was paid from funds other than the settlement proceeds.

The "Final Agreement" also included the following terms and provisions:

(1) that the Aerickos "are truly indebted to the Attorney for a sum exceeding $75,000, in this and other matters;"[2]

(2) that the Aerickos "desire this contract to be given full force and effect by any court of law, Grievance Committee, or other body that may inquire or otherwise look into this matter;"

(3) that the Aerickos "warrant and agree to hold the said Attorney harmless and to indemnify him from any and all costs, expenses, damages, penalties . . .;"

(4) that "failure on the part of the Aerickos to honor this Contract . . . constitutes a full Assignment to the Attorney of any proceeds received . . .;"

(5) that the Aerickos "further warrant, covenant and agree that the said Attorney has done nothing unethical."

Respondent was found guilty by the Executive Committee of violating the following Disciplinary Rules:

(1) *DR6-102(A):* prohibits limitation of an attorney's liability to clients;

(2) *DR1-102(A)(4):* prohibits conduct including dishonesty, fraud, deceit, misrepresentation;

(3) *DR2-106(A):* prohibits charging a clearly excessive fee;[3]

(4) *DR5-103(A):* prohibits acquisition of a proprietary interest in a client's litigation;

(5) *DR5-103(B):* prohibits advancement of personal funds to a client, and

(6) *DR9-102:* prohibits commingling of client funds with those of an attorney.

Additionally, the Executive Committee affirmed and adopted findings of the Panel which found Respondent violated (1) *DR6-101(A)(3),* in failing to inform Aericko of the $175,000 offer; (2) *DR1-102(A),* by engaging in conduct prejudicial to the administration of justice and which

---

[2] No documentation was presented to support the alleged $75,000 fee owed by Aericko.

[3] Respondent was previously publicly reprimanded for violations of DR2-106 and DR6-102. *See, In the Matter of Hanna,* 294 S.C. 56, 362 S.E. (2d) 632 (1987).

adversely reflects upon an attorney's fitness to practice law; and (3) *DR7-101(A)(3)*, in retaining the settlement to which Aericko was entitled.

### DISCUSSION

We need not belabor this opinion.

Respondent's misconduct in executing the "Final Agreement" is patently shocking and manifestly unconscionable. The incredulity that Respondent would "purchase" his clients' cause of action is equalled only by his transparent attempts to validate that which was clearly unenforceable.

Equally incredulous are those provisions of the "Final Agreement," cited earlier, which sought to put the Aerickos beyond the protection of the Courts, no matter the gravamen of his misconduct.

Respondent's retention of 85% of the proceeds from his client's injury and cause of action, standing alone, warrants the recommended sanction of disbarment.[4]

Respondent's conduct throughout has been reprehensible. Beyond that, it is tragic that, to this day, he does not comprehend that he has acted improperly.

"The purpose to be served by removing from the profession a person whose misconduct has proved him unfit to be entrusted with the duties and responsibilities belonging to the office of an attorney is to protect the public and those charged with the administration of justice." *In the Matter of Galloway*, 278 S.C. 615, 617, 300 S.E. (2d) 479, 480 (1983).

It is ordered that Respondent be disbarred from the practice of law in this State. He shall, within five days from the service of this Order, surrender his license to practice law to the Clerk of the Supreme Court for cancellation.

Disbarred.

---

[4] The Executive Committee recommends "that Respondent be required to disgorge the excessive fee he obtained from the Aericko family." Such redress may be pursued in the civil courts.