23768

Cheryl PARKMAN, Russell Parkman, Suzanne Parkman and Stephen Parkman, Respondents v. Larry L. HANNA, Appellant.

(426 S.E. (2d) 743)

Supreme Court

*Steven E. Solomon,* Myrtle Beach, *for appellant.*

*David E. Martin,* of *DuRant & Martin,* Myrtle Beach, *for respondents.*

Heard Nov. 5, 1992.

Decided Dec. 31, 1992.

CHANDLER, Justice:

We issued a writ of certiorari to review an Order of the Probate Court terminating the appointment of Larry L. Hanna (Hanna) as Personal Representative (PR) of the Estate of George Siekmann (Decedent). We affirm.

## FACTS

Hanna was disbarred by this Court on May 7, 1990. *In re*

*Larry Laverne Hanna,* 301 S.C. 310, 391 S.E. (2d) 728 (1990).[1]
Several years prior to disbarment, Hanna drafted a Will for
the Decedent, in which he was named Personal Representa-
tive of the Estate.

The Decedent died, testate, on February 15, 1991, leaving
Respondents (The Parkmans) as the only heirs-at-law. Hanna
filed the Will with Probate Court on February 22, 1991, and
was appointed PR on the same date.

The Parkmans petitioned Probate Court for Hanna's re-
moval, alleging he was untrustworthy, incompetent and unfit
to serve as PR for having committed acts of dishonesty, fraud
and deceit which brought about his disbarment.

After a hearing, Probate Court found Hanna unsuitable to
serve as PR on the basis of the facts and circumstances giving
rise to his disbarment. Attorney David Martin was appointed
as successor PR.

## ISSUE

We issued certiorari to consider whether Hanna's termina-
tion was proper.

## DISCUSSION

Under the South Carolina Probate Code, S.C. Code Ann.
§ 62-3-203(e)(2) (Cum. Supp. 1991),

> (e) No person is qualified to serve as a personal represen-
> tative who is:
>> (2) a person whom the Court finds unsuitable in formal
>> proceedings; . . .

We recognized in *In re McClam's Estate,* 245 S.C. 315, 319,
140 S.E. (2d) 478, 479 (1965) that

> *the judge of Probate may deny administration to the per-
> son first entitled under the statute if upon the showing
> made before him he is satisfied that such person is not
> properly qualified* for the position, and among other
> things the court calls attention to the fact that the grant-
> ing of letters of administration is not automatic, because
> the law requires the issuance of a citation, to the end that
> *the kindred or creditors of the intestate may show cause*

---

[1] Hanna was also publicly reprimanded in 1987. *In the Matter of Hanna,* 294
S.C. 56, 362 S.E. (2d) 632 (1987).

> *why the administration should not be granted to the person applying for it,* notwithstanding such person may have the statutory priority. *   *   *

(Emphasis supplied.) [citing *Ex Parte Small,* 69 S.C. 43, 48 S.E. 40 (1904)].

> In *Ex Parte Small,* we noted that one of the highest causes [upon which to deny a person administration] would be that the person applying was without character upon which to base a trust, or had given by conduct convincing reasons for the conclusion that he designed to divert the assets from the purposes of administration.

69 S.C. at 45, 48 S.E. at 40.

The authority of the Probate Court, derived from the statute and precedent case law, will not be disturbed absent a clear abuse of discretion. *Ex Parte Tolbert, In re Tolbert's Estate,* 206 S.C. 300, 34 S.E. (2d) 49 (1945).

Here, Probate Court acted well within its discretion in terminating the appointment. It noted, specifically, that Hanna had been found guilty by the Executive Committee of dishonesty, fraud, deceit, and misrepresentation, and that this Court had described his conduct in the disbarment proceeding as "patently shocking" and "manifestly unconscionable." 301 S.C. at 313, 391 S.E. (2d) at 729.

The court correctly equated the attorney client relationship with that of the PR of an Estate. Given Hanna's violation of his fiduciary relationship as an attorney, Probate Court found him likewise unfit for such a relationship as PR.

Significantly, all beneficiaries petitioned for Hanna's removal based upon his acts of fraud, deceit and untrustworthiness.

In sum, we find ample evidence supporting Hanna's termination as PR in this case[2] and, accordingly, affirm the Order of the Probate Court.

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.

---

[2] We do not hold that a disbarred attorney is per se disqualified to serve as the named PR in every case. The determination is one for the Probate Court pursuant to the provisions of § 62-3-203(e), reviewable upon a showing of abuse of discretion. *Ex Parte: Tolbert, supra.*