## 19082

In the Matter of Albert A. KENNEDY, Respondent

(176 S. E. (2d) 125)

*Messrs. Daniel R. McLeod, Attorney General,* and *Irvin D. Parker, Assistant Attorney General,* of Columbia, *for Complainant.*

*Albert A. Kennedy, Esq.,* of Columbia, *in pro persona.*

July 17, 1970.

*Per Curiam.*

The respondent, Albert A. Kennedy, was admitted to the Bar of South Carolina in the year 1950. He was duly charged with two counts of professional misconduct. After a hearing, the panel found him guilty on both counts and recommended his indefinite suspension. Respondent appeared before the full Board of Commissioners on Grievances and Discipline, but challenged only the disciplinary action recommended by the panel. A majority of the Board adopted the fact findings of the panel, but recommended a public reprimand, rather than indefinite suspension.

The respondent did not appear before this court in response to a rule to show cause, or file any return thereto. Under all of these circumstances, the only question before this court is just what disciplinary action is appropriate. Both the panel and a majority of the Board found respondent guilty of misconduct or practices tending to pollute the administration of justice and to bring the courts and the legal profession into disrepute, in that in two separate matters he accepted fees in the amounts of $100 and $250, respectively, but thereafter failed and refused to perform the services for which he had been paid, in accordance with the terms of his employment.

Although respondent has been a member of the Bar since 1950, he has not maintained a law office in the ordinary sense nor does he maintain files or follow standard office practice and procedures, but instead attempts to perform legal services on a part time basis using his dining room and his bedroom for offices. His failure to perform the services for which he was paid was due, at least in part, to misplacing files and papers. According to his testimony, he earns about $1,800 per annum as an attorney and has no other employment. He is a married man with a working wife. The two counts of misconduct on his part arose in a relatively short period of time and, as pointed out by the panel,

such would appear to be an unusually high percentage of negligent failure when compared to his overall volume of professional business.

Although it has been held that the judgment pronounced in disciplinary proceedings should be commensurate with the misconduct proven, *Cate v. Rivers,* 246 S. C. 35, 142 S. E. (2d) 369, the primary purpose of disbarment or suspension is the removal of an unfit person from the profession for the protection of the courts and the public, not punishment of the offending attorney. *State v. Jennings,* 161 S. C. 263, 159 S. E. 627.

"The purpose of suspending or disbarring an attorney is to remove from the profession a person whose misconduct has proved him unfit to be intrusted with the duties and responsibilities belonging to the office of an attorney, and thus to protect the public and those charged with the administration of justice, rather than to punish the attorney." 7 Am. Jur. (2d) 50, Attorneys at Law, Sec. 13.

If we were concerned only with the gravity of the particular counts of misconduct proven against the respondent, and pronouncing judgment commensurate therewith, we might be inclined to follow the recommendation of the Board rather than that of the panel. Concern for the protection of the courts and the public, however, require us to consider all of the circumstances reflected by the record in determining what disciplinary action is here appropriate. The record before us reflects not only the specific acts of misconduct, but a lackadaisical attitude and approach toward the practice of law on the part of the respondent, which will be likely to promote, if not guarantee, negligent oversight and disregard of his duties to his clients, if he is allowed to continue the practice of law under the circumstances which have so far apparently prevailed. We are not convinced that a public reprimand, under the circumstances, would be sufficient to cause the respondent to mend his ways or to deter others similarly disposed. Nor would a public reprimand, in our view, afford any real pro-

tection to the public or the courts. We regard it as highly improbable that a public reprimand would ever even come to the·attention of those members of the public who would be apt to retain the professional services of one who attempts to practice law in such a lackadaisical manner.

We conclude that under all the circumstances, the conduct of the respondent justifies his indefinite suspension as provided in Section 5 of the Rules of Disciplinary Procedure.

It is, therefore, ordered, that the respondent be, and he is hereby, indefinitely suspended from the practice of law in this State, and that he shall forthwith surrender to the Clerk of this Court the certificate hereofore issued by this Court admitting him to practice.