477 S.E.2d 98

**In the Matter of Walter W. BROOKS, Respondent.**

No. 24504.

Supreme Court of South Carolina.

Heard May 8, 1996.
Decided Oct. 14, 1996.

106

Attorney General Charles M. Condon and Senior Assistant Attorney General Charles H. Richardson, Columbia, for complainant.

Desa Ballard, of Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, for respondent.

PER CURIAM:

In this attorney grievance matter, the Executive Committee found respondent Walter Brooks committed misconduct and voted five to two to recommend a sanction of suspension for one year; two members recommended disbarment. We find the appropriate sanction is a definite suspension from the practice of law for a period of nine months.[1]

The ethical violations committed by respondent arose during the course of respondent's representation of a client in a domestic matter. The hearing panel made the following findings of fact and law. Respondent engaged in conduct which brings the legal profession into disrepute by making threatening and harassing phone calls to her husband's place of business on August 16, 1991; making lewd comments to his client while inebriated in his office; and directly serving a deposition notice on a party known to be represented by counsel when there was no discovery order. Rules 413(5D) and 407(4.2), SCACR. Respondent knowingly assisted or induced another to violate the Rules of Professional Conduct by having the client call to harass her then husband and brother-in-law and threatening to send his investigator and seize their assets. Rule 407(8.4a). Respondent engaged in conduct which demonstrates an unfitness to practice law based on respondent's incompetent representation of his client. Rules 407(1.1) and 413(5D), SCACR. Respondent engaged in conduct that is prejudicial to the administration of justice. Rule 407(8.4e).

At oral argument before this Court, respondent conceded misconduct and focused on the appropriate sanction. Based on our review of the record we adopt the panel's findings of misconduct. The record contains evidence, including respondent's own testimony, that he continued to have a problem with alcohol. It is of great concern that alcohol was involved in the conduct on August 16, 1991, in the presence of a client and involving other individuals while acting as a lawyer. Alcoholism has been found to contribute to the finding of professional misconduct in the past and may be considered in determining the appropriate sanction. *In re Perry*, 291 S.C. 124, 352 S.E.2d 479 (1987). Further, alcohol

---

1. Respondent was disbarred in 1980 and readmitted in 1989.

and depression do not excuse attorney misconduct. *In re Fullwood,* 322 S.C. 1, 471 S.E.2d 151 (1996).

The primary purpose of disbarment or suspension is the removal of an unfit person from the profession for the protection of the courts and the public, not punishment of the offending attorney. *In re Fullwood, supra; In re Kennedy,* 254 S.C. 463, 176 S.E.2d 125 (1970). The authority to discipline attorneys and the manner by which the discipline is given rests entirely with this Court. *In re Padgett,* 290 S.C. 209, 349 S.E.2d 338 (1986). It is therefore ordered that respondent shall be suspended from the practice of law in this State for nine months. Further, because the abuse of alcohol while acting as a lawyer is a serious concern, we impose the following conditions. Respondent shall be monitored by the Lawyers Caring About Lawyers Committee (LCL) for three years following the date of this opinion. During the first year, he will submit monthly to testing for substance abuse with reporting to this Court. After the first year and for the remaining two years he will submit to testing every six months with reporting to this Court. Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.