621 S.E.2d 664

**In the Matter of Walter W. BROOKS, Respondent.**

**No. 26057.**

Supreme Court of South Carolina.

Heard Sept. 22, 2005.
Decided Oct. 24, 2005.

Attorney General Henry D. McMaster and J. Emory Smith, Jr., Assistant Deputy Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Jack B. Swerling, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, a Panel of the Commission on Lawyer Conduct (the Panel) found that Walter W. Brooks (Respondent) violated Rules 7(a)(1), 7(a)(3), 7(a)(4), 7(a)(5), and 7(a)(7) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, as well as Rule 8.4 of the Rules of Professional Conduct, Rule 407, SCACR. The Panel recommended that Respondent receive an indefinite suspension from the practice of law, retroactive to the date of his 1996 definite suspension, and that Respondent pay the costs of this action. We agree.

## Factual/Procedural Background

In 1980, Respondent was disbarred from the practice of law for failing to obey a police order in violation of the "blue light law," for causing an affidavit to be prepared which misrepresented the incident, for having knowledge that this affidavit was fraudulently notarized, and for financing a drug deal for a client. *In re Brooks*, 274 S.C. 601, 604–607, 267 S.E.2d 74, 75–77 (1980). Respondent was reinstated to the practice of law in 1989. *In re Brooks*, 298 S.C. 13, 13, 377 S.E.2d 827, 827 (1989). According to court records, Respondent was the first attorney in South Carolina to be reinstated following disbarment.

In October of 1996, Respondent was suspended from the practice of law for nine months. *In re Brooks*, 324 S.C. 105, 107, 477 S.E.2d 98, 99 (1996). Respondent was suspended for making threatening and harassing phone calls to a client's husband, making lewd comments to a client while inebriated in his [Respondent's] office, and serving a deposition notice on a party known to be represented by counsel when there was no discovery order. *Id.*

In addition, the Court ordered Respondent to submit to monthly substance abuse testing during the first year following his suspension. *Id.* at 108, 477 S.E.2d at 99. Following the first year, Respondent was to submit to testing every six months for two years. *Id.* After every test, the results were to be reported to the Court. *Id.* Respondent filed a petition for reinstatement from this suspension in January of 2002.

Later that same month, the Office of Disciplinary Counsel (ODC) notified the Court of a new disciplinary matter involving Respondent. ODC alleged that Respondent failed to comply with the terms of his definite suspension and had committed misconduct by (1) failing to submit reports of substance abuse testing to the Court as required [1] and (2) pleading guilty to a string of alcohol related offenses occurring between

---

1. Court records showed that results for only nine of the fifteen required substance abuse tests were submitted. Eventually, the Panel concluded that all required tests were in fact performed and that Respondent had merely failed to ensure that the remaining six test results were submitted to the Court.

October 1998 and May 1999. In particular, Respondent pled guilty to:

    a.  Three (3) counts of driving under the influence, fourth offense and above, in violation of S.C.Code Ann. §§ 56–5–2930, 56–5–2940 (1991);

    b.  Two (2) counts of driving under suspension, in violation of S.C.Code Ann. § 56–1–460 (1991);

    c.  One (1) count of violation of the Habitual Traffic Offender Law, S.C.Code Ann. §§ 56–1–1020, 56–1–1100 (Supp. 2004); and

    d.  One (1) count of leaving the scene of an accident, in violation of S.C.Code Ann. § 56–5–1220 (1991).

The Panel found that Respondent violated Rule 8.4 of the Rules of Professional Conduct (criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects) and the following Rules for Lawyer Disciplinary Enforcement: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (willfully violating a valid order of the Supreme Court); Rule 7(a)(4) (conviction of a crime of moral turpitude or a serious crime); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(7) (willfully violating a valid order issued by a court of this state). The Panel recommended that Respondent be indefinitely suspended from the practice of law, retroactive to the date of his 1996 definite suspension, and that Respondent pay the costs of this action.[2]

## ISSUES

Respondent accepts the Panel's findings and conclusions, but disagrees with the recommended sanction of an indefinite suspension. Respondent asks the Court to impose a definite suspension for less than nine months so that he can seek reinstatement pursuant to Rule 32 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. In the alternative, Respondent requests that the Court (1) waive the re-

---

**2.** The Panel's award of costs has not been contested. *See In re Yarborough,* 348 S.C. 243, 249, 559 S.E.2d 836, 839–840 (2002) (holding that failure to take exception to the Panel's report constitutes an acceptance of the report).

quirement that any future petition for reinstatement be referred to the Committee on Character and Fitness per Rule 33(d), RLDE, Rule 413, SCACR, and (2) permit his reinstatement without fulfilling the requirements of Rule 33(f)(8), RLDE, Rule 413, SCACR (an attorney who has been disbarred or indefinitely suspended must take and pass the Bar Examination, take and pass the Multistate Professional Responsibility Exam, and complete the Bridge the Gap program).

Respondent additionally requests that the Court allow reinstatement from his 1996 suspension in the same manner. Respondent asks that the Court consider these unusual requests in light of his intention to immediately retire from the practice of law; an intention driven by Respondent's extremely poor health.[3]

## LAW/ANALYSIS

The South Carolina Supreme Court possesses the ultimate responsibility of determining sanctions in attorney disciplinary matters. *In re Rushton*, 286 S.C. 543, 544, 335 S.E.2d 238, 238 (1985). In this case, the Court must note that several of the crimes involved are felonies under South Carolina law. Violation of the Habitual Traffic Offender Law is a felony. S.C.Code Ann. § 56-1-1100 (Supp.2004). Additionally, DUI fourth offense and above carries a minimum prison sentence of one year[4], and is therefore a felony. S.C.Code Ann. § 56-1-2030(14) (Supp.2004). In the case of Respondent, these convictions represent not Respondent's first, second, or third DUI arrests, but at least the fourth, fifth, and sixth occasions on which Respondent elected to drive while under the influence of alcohol.

This Court has imposed varying degrees of sanctions in cases involving a DUI conviction. Looking at existing case law, Respondent's disciplinary history, and the serious nature of the offenses for which Respondent was convicted, we find that the proper sanction is an indefinite suspension retroactive to the date of Respondent's 1996 definite suspension. Should Respondent desire to gain readmission to the practice of law,

---

3. Respondent is seriously ill, is undergoing treatment, and has a poor prognosis.

4. *See* S.C.Code Ann. § 56-5-2940(4) (1991).

he must proceed according to Rule 33(d), RLDE, Rule 413, SCACR (unless otherwise directed by the Supreme Court, the petition for reinstatement shall be referred to the Committee on Character and Fitness), and Rule 33(f)(8), RLDE, Rule 413, SCACR (an attorney who has been disbarred or indefinitely suspended must take and pass the Bar Examination, take and pass the Multistate Professional Responsibility Exam, and complete the Bridge the Gap program).

Because Respondent has not satisfied the above requirements, we decline to address the issue of Respondent's petition for reinstatement from the 1996 definite suspension.

### CONCLUSION

We are deeply saddened by the current state of Respondent's health. However, we cannot ignore the serious nature of the conduct here at issue, nor can we simply overlook the fact that Respondent has twice before been sanctioned for attorney misconduct, including being disbarred from the practice of law. Accordingly, we concur in the recommended sanction of the Panel and order that Respondent be indefinitely suspended from the practice of law, retroactive to the date of his 1996 definite suspension, and that Respondent pay the costs of this action. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

INDEFINITE SUSPENSION.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.