749 S.E.2d 522

**In the Matter of Cynthia E. COLLIE, Respondent.**

**Appellate Case No. 2012–213164.**

Supreme Court of South Carolina.

Oct. 17, 2013.

## ORDER

By order dated October 17, 2011, the Court required all lawyers admitted to the practice of law in South Carolina to log-on, verify, and update their contact information on the Attorney Information System (AIS) by November 18, 2011. The order specified attorneys "shall ensure that his or her contact information in the AIS includes a mailing address, an e-mail address, and a telephone or cell phone number, and that this information is current and accurate."

In the same order, the Court amended Rule 410, SCACR. In relevant part, Rule 410(g) provides that "[p]ersons admitted to the practice of law in South Carolina shall have a continuing duty to verify and update their information in the AIS, and must ensure that the AIS information is current and accurate at all times. At a minimum, the contact information must include a mailing address, an e-mail address and a telephone number." Rule 410(e), SCACR, states that the mailing and email addresses in AIS shall be used for notifying and serving the bar member.

On October 16, 2012, the Court heard oral arguments in *Cynthia Holmes v. Haynesworth Sinclair Boyd.* Respondent, a party to the appeal, was present in the courtroom.[1]

During the argument, respondent's counsel acknowledged that respondent is a regular member of the South Carolina Bar. Thereafter, the Chief Justice stated respondent was not properly registered with AIS and verbally directed counsel and respondent to update AIS to provide an operational email account for respondent.

Court records document that, on October 18, 2012, respondent contacted the AIS Help Center and was told that, pursuant to Rule 410, SCACR, respondent was required to

---

1. The decision is pending.

provide an email address. By correspondence dated the same day, respondent's counsel advised the Chief Justice that respondent "is now taking steps to have [an email address] created for the purposes of complying with the rule."

In the meantime, in connection with a pending disciplinary matter against respondent, the Court issued an order on October 18, 2012, addressing issues in the disciplinary matter and directing respondent "to add a valid e-mail address" and confirm that her other contact on AIS was correct within five (5) days.[2]

Court records document that, on October 22, 2012, respondent verified her AIS contact information and provided an email address on AIS.

On October 25, 2012, respondent faxed a copy of a Petition for Rehearing of the October 18, 2012, order. By email dated October 26, 2012, the Clerk's Office notified respondent that a Petition for Rehearing is not considered filed until an original is received. The email was sent to respondent's email address on AIS: rule.410–retired@yahoo.com. An "auto response" was returned to the Clerk's Office stating "Rule 410—retired. No reply. Please consult the current directory for contact information."

On October 31, 2012, the Court issued an order denying respondent's Petition for Rehearing and other matters. The Clerk of Court's cover letter forwarding the order directed respondent to remove the automatic message from her email and to start monitoring her email account. The Clerk requested respondent immediately notify his office in writing that she had removed the auto-generated message and was monitoring her email.

By letter dated November 5, 2012, respondent replied that her office does not have access to the Internet. The letter states "[w]e consulted AIS staff about this last year at the time when fees were paid. Your staff at AIS advised the use of Rule 410, RPC Rule 407, [sic] SCACR, retired and an AIS staffer manually entered the information at that time."

---

2. When the time for respondent to file the answer to the formal charges expired on September 10, 2012, the formal charges became public on October 10, 2012, and all records and proceedings on or after that date are open to the public. Rule 12(b), RLDE, Rule 413, SCACR.

Subsequently, respondent filed a Second Petition for Rehearing of the October 18, 2012, order. By order dated January 11, 2013, the Court denied respondent's Second Petition for Rehearing. Shortly thereafter, respondent filed another motion; by order dated February 4, 2013, the Court denied the motion.

Between February 25, 2013, and April 26, 2013, respondent filed three separate motions. By order dated May 2, 2013, the Court denied each of the motions. The Court noted that the formal charges in the disciplinary matter allege respondent filed various frivolous actions and that the filings with the Court could be viewed as frivolous. The Court stated "we warn [respondent] that this Court and/or the hearing panel may place restrictions on her filings in this disciplinary matter if it is determined that she is making repetitive frivolous filings."

On May 22, 2013, the Court received respondent's Petition for Rehearing, Motion to Issue Rule to Show Cause (against counsel for the Office of Disciplinary Counsel), and Motion. By order dated June 19, 2013, the Court denied the Petition for Rehearing and the two motions. The Court held:

> Further, the Court previously warned [respondent] that repeated and vexatious submissions may result in restrictions being placed on her future filings. The Court finds this eighth filing since October 2012 and third attempt by [respondent] to address the merits of the underlying disciplinary proceeding constitutes abuse of legal process. Accordingly, the Court shall not accept any further filings by [respondent], including a petition for rehearing of this order, until the matter has been finally considered by the Commission. *See* Rule 21, RLDE, and Rule 27, RLDE. The Court directs the Commission to set this matter for hearing without delay.

Between July 3, 2013 and July 18, 2013, respondent filed three additional motions with the Court. The Clerk refused to accept the motions, citing the Court's June 19, 2013, order.

By letter dated July 30, 2013, Counsel for the Commission on Lawyer Conduct (the Commission) notified the Court that respondent refuses to provide a valid email address. Specifically, Commission Counsel stated the Commission has at-

tempted to contact respondent through her e-mail address on AIS, but the emails were undeliverable. Commission Counsel provided a partial transcript from the pre-hearing conference in which respondent stated: "I don't have an email to use ... So no, there's no email ... I don't have an active email." According to Commission Counsel, respondent's failure to provide an operational email account is interfering with the Commission's and Office of Disciplinary Counsel's ability to communicate with respondent.

By letter dated July 31, 2013, the Clerk of Court advised respondent that she must file a written response to the Commission's letter by August 12, 2013. The Clerk specifically directed respondent to answer the following:

1. whether the e-mail address currently shown for her in AIS, rule.410(1)_retired@yahoo.com is a valid, working e-mail address;

2. whether the e-mail was a valid, working e-mail address when she last verified her information on AIS on October 22, 2012; and

3. what actions she is taking to monitor and timely respond to the email address provided in AIS.

The Clerk sent this letter via mail and email with the subject line "Response Required." The automated response generated by respondent's email provided the following statement: "Rule 410—retired. No reply. This email is not active. Please consult the current directory for contact information."

On August 8, 2013, the Clerk of Court received a written response from respondent by mail. The response, dated November 5, 2012, is identical to the letter previously sent to the Court on November 5, 2012. The letter provides: "[w]e consulted AIS staff about this last year at the time when fees were paid. Your staff at AIS advised the use of Rule 410, RPC, [sic] Rule 407, SCACR, retired and an AIS staffer manually entered the information at that time."

Respondent sent additional correspondence by letter dated August 12, 2013, stating that because she has not had clients in more than thirty years, "we are exempt from Rule 412, SCACR, as well."[3] Respondent again enclosed a copy of her

---

3. Rule 412, SCACR, addresses IOLTA accounts.

November 5, 2012, letter. By letter dated September 9, 2013, respondent again stated she is retired "as there have been no clients in over thirty (30) years" and she does not have Internet access.

■ Although respondent may consider herself retired from the practice of law since she has not represented clients in many years, she is nevertheless classified as a regular member of the South Carolina Bar and, therefore, pursuant to Rule 410(g), SCACR, required to provide a valid email address. Even if she were eligible to elect to be a retired member of the Bar,[4] she would still be required to maintain an email address pursuant to Rule 410(g), SCACR.

■ Respondent has repeatedly refused to comply with the explicit directives, orders, and rules of this Court and of requests by the Clerk of Court by refusing to maintain and monitor an operational email account. Moreover, in spite of the Court's order of June 19, 2013, specifically prohibiting her from filing additional motions with the Court until the underlying disciplinary matter has been considered by the Commission, respondent has nevertheless attempted to submit further motions with the Court. As a result of her persistent refusal to comply with this Court's directives, the Court finds respondent poses a substantial threat of serious harm to the public and to the administration of justice. Therefore, pursuant to Rule 17(b) and (c), RLDE, Rule 413, SCACR, the Court places respondent on interim suspension. *See* Rule 17(b), RLDE ("[u]pon receipt of sufficient evidence demonstrating that a lawyer poses a substantial threat of serious harm to the public or to the administration of justice, the Supreme Court may place the lawyer on interim suspension pending a final determination in any proceeding under these rules"); Rule 17(c), RLDE ("[u]pon receipt of sufficient evidence demonstrating that a lawyer . . . has failed to respond to . . . inquiries or directives of . . . the Supreme Court, the Supreme Court may place that lawyer on interim suspension."). Respondent's

---

4. In order to be eligible to elect retired status, a Bar member must be 65 years of age or older (or turn 65 years of age during the Bar license year in which the member elects retired status) or have a serious illness or total and permanent disability. Rule 410(h)(1)(G), SCACR.

license to practice law in this state is suspended until further order of the Court.

/s/Jean H. Toal, C.J.

/s/Costa M. Pleicones, J.

/s/Donald W. Beatty, J.

/s/John W. Kittredge, J.

/s/Kaye G. Hearn, J.
 FOR THE COURT