# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Cynthia E. Collie, Respondent.

Appellate Case No. 2014-000324

Opinion No. 27467
Heard October 7, 2014 – Filed November 26, 2014

## DEFINITE SUSPENSION

Lesley M. Coggiola, Disciplinary Counsel and Deputy
Disciplinary Counsel Barbara M. Seymour, both of
Columbia, for the Office of Disciplinary Counsel.

Chalmers Carey Johnson, of Port Orchard, Washington,
for Respondent.

**PER CURIAM:**      In this attorney discipline matter, the Office of Disciplinary
Counsel (ODC) filed formal charges with the Commission on Lawyer Conduct (the
Commission) against Cynthia E. Collie[1] (Respondent) on July 2, 2012. On July
31, 2012, Respondent was served with a notice of filing of formal charges and
formal charges by certified mail. After several extensions, Respondent's answer
was due on February 25, 2013. Respondent failed to file an answer.

On February 28, 2013, an administrative panel of the Commission found
Respondent to be in default for failing to respond to the formal charges. Thus, the
Commission deemed the facts contained in the formal charges admitted,[2] and a

---

[1] In other litigation before this Court, Respondent has been referred to as "Cynthia
Holmes."

[2] *See* Rule 24(a), RLDE, Rule 413, SCACR ("Failure to answer the formal charges
shall constitute an admission of the allegations. On motion of disciplinary counsel,
the administrative chair may issue a default order setting a hearing to determine the

hearing was held on August 13 and 14, 2013, before a hearing panel of the Commission (the Panel) for the sole purpose of considering mitigating and aggravating circumstances to determine a sanctions recommendation. Respondent appeared *pro se*. Following the hearing, the Panel recommended that Respondent be disbarred, as well as other conditions. Respondent took exception the Panel's report and recommendation (the Report) by filing a brief. At the hearing before this Court, Respondent was represented by counsel. We decline to adopt the recommended sanction of disbarment, and instead impose a definite suspension of two years.

## FACTUAL/PROCEDURAL BACKGROUND

As a consequence of Respondent's default, she is deemed to have admitted the following factual allegations set forth in the formal charges:

### I. The 1999 Lawsuit

In March 1999, Respondent filed a lawsuit in the United States District Court for the District of South Carolina (the 1999 lawsuit) against Tenet HealthSystem Medical, Inc. (Tenet HealthSystem), and East Cooper Community Hospital, Inc. (East Cooper). Respondent was represented by attorneys Manton Grier and James Y. Becker of Sinkler & Boyd, P.A. The 1999 lawsuit related to credentialing decisions made by East Cooper regarding Respondent's privileges to practice medicine at East Cooper. Respondent's amended complaint listed twelve causes of action, two of which were based on federal law.

In April 2000, the district court granted the defendants' motion for summary judgment as to the federal causes of action and dismissed the remaining state law claims without prejudice. Respondent appealed the dismissal of the federal causes of action to the Fourth Circuit Court of Appeals, which affirmed the summary judgment. Respondent's petition for a writ of certiorari in the United States Supreme Court was denied.

### II. The 2000 Lawsuit

In May 2000, Respondent filed a *pro se* lawsuit in the Court of Common Pleas in Charleston County (the 2000 lawsuit) against Tenet HealthSystem, East

---

appropriate sanction to recommend to the Supreme Court.").

Cooper, John Grady, M.D., Paul Yantis, M.D., William Cone, and Coastal Emergency Services, Inc.  Ten of the causes of action brought against these defendants in the 2000 lawsuit were the same as those brought in the 1999 lawsuit.  After filing the complaint, Respondent retained lawyers from a law firm located in Tennessee to represent her.

Respondent and the defendants resolved the 2000 lawsuit and placed a settlement agreement and general release on the record in October 2002 (the 2002 settlement agreement).  Respondent subsequently refused to sign the 2002 settlement agreement, and the defendants filed a motion to compel the settlement.  After a hearing in January 2003, the judge granted the motion to compel and ordered Respondent to sign the 2002 settlement agreement within seven days of the hearing.  Respondent signed the 2002 settlement agreement on January 14, 2003.

The 2002 settlement agreement provided that Respondent would be reappointed to a consulting status at East Cooper for a term of two years, with the right to apply for a change in status in accordance with the bylaws of the hospital.  Moreover, the parties agreed "to settle any and every claim which [Respondent] has asserted, might assert, or which [Respondent] may have against the [the defendants] in this case."  The 2002 settlement agreement further provided that the parties

> completely release each other and forever discharge each other from any and all claims, demands, obligations, causes of action, rights, damages, costs, losses of service, fees, expenses and compensation of any nature whatsoever, whether based on a tort, contract, or other theory of recovery, which the parties now have, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of the Complaint (and all related pleadings) including, without limitation, any and all known or unknown claims for injuries and damages to the parties which may have resulted, or may result from any alleged acts or omissions of the parties which are the subject of the complaint (and all related pleadings).

The circuit court signed an order of dismissal with prejudice in February 2003.

*III. The 2005 Lawsuit*

In October 2004, Respondent applied to East Cooper for a change in staff category from consulting status to associate active status, which includes privileges to perform surgery at East Cooper.

In November 2004, the hospital advised Respondent in writing that her application was incomplete and would not be forwarded to the credentialing committee for consideration unless she provided additional information on the application. Credentialing staff informed Respondent that without the necessary information, they would process her application as a request for reappointment to consulting status. Respondent did not submit the requested information. Thus, in December 2004, Respondent was reappointed to consulting status, and was not granted surgical privileges.

Thereafter, in December 2005, Respondent, represented by Chalmers Johnson, again filed a lawsuit (the 2005 lawsuit) in the Court of Common Pleas in Charleston County against Tenet HealthSystem, East Cooper, John Grady, M.D., and Paul Yantis, M.D.

In April 2006, Respondent filed an amended complaint. The causes of action in the amended complaint arose out of credentialing decisions that occurred in 2002 and 2004. Specifically, Respondent alleged that her reappointment to East Cooper's consulting staff in 2002 violated the hospital's by-laws and was the result of a conspiracy among the defendants. Respondent's causes of action concerning her 2004 appointment relied upon a statement allegedly made by one of the defendant doctors at a 1997 credentialing committee meeting.

In May 2007, the circuit court filed an order granting the defendants' motion for summary judgment stating that "the evidence shows that the Plaintiff has already been compensated for this same alleged conspiratorial statement in the settlement of a previous action against these Defendants."

The defendants then filed a motion for sanctions against Respondent. The motion was stayed pending Respondent's appeal of the summary judgment to the court of appeals. In July 2008, the court of appeals dismissed Respondent's appeal of the summary judgment order. In June 2009, the circuit court issued a form order granting the motion for sanctions and assessing sanctions against Respondent in the amount of $90,000. Respondent subsequently filed a motion for

reconsideration and a motion for relief from judgment. Both motions were denied.

In August 2009, the circuit court awarded sanctions in the amount of $90,000 in a full written order to be paid to the defendants by Respondent for her frivolous initiation and continuation of the proceedings. Respondent filed a second motion for reconsideration, which was also denied.

Respondent then filed multiple notices of appeal in the court of appeals, all of which were dismissed. In its order issued in December 2009, the court of appeals stated that if Respondent "again attempts to pursue appeals of [the court's dismissal orders] she will be sanctioned."

Thereafter, Respondent filed multiple petitions for a writ of certiorari in this Court, all of which were denied. In an order issued in July 2010, the Court stated that it would "not accept for filing anything further in this case. Such action is necessitated by [Respondent's] long history of abusing the legal process at both the trial and appellate levels."

### IV. The 2010 Lawsuit

In 2006 and 2008, Respondent again applied to East Cooper for a change in staff category from consulting status to associate active status. Her applications were denied. In 2010, Respondent, represented by Chalmers Johnson, filed another lawsuit (the 2010 lawsuit) in the Court of Common Pleas in Charleston County against Tenet HealthSystem and East Cooper. Respondent alleged that East Cooper's denial of her 2006 and 2008 applications for a change in status and privileges violated East Cooper's by-laws and breached the terms of the 2002 settlement agreement. Respondent essentially alleged the same breach of contract allegations as the 2005 lawsuit, in direct contradiction to the previous orders of dismissal and summary judgment and the orders of the court of appeals and this Court.

In July 2011, the circuit court granted the defendants' motion for summary judgment on the grounds that the 2010 lawsuit arose from the same process that was the basis for the previous lawsuits and that the court lacked jurisdiction to decide the matter. In February 2012, the circuit court granted the defendants' motion for sanctions, finding that Respondent engaged in a "pattern of filing abusive and frivolous litigation" and that prior sanction orders and injunctions from other judges had not deterred her conduct. The circuit court awarded the

defendants $53,447.15. Further, the court enjoined Respondent from filing future lawsuits against the defendants or other agents or employees of the defendants, unless accompanied by a $50,000 bond or letter of credit. Respondent appealed both the summary judgment and the sanctions orders.[3]

### V. The 2002 Malpractice Lawsuit

In April 2002, Respondent filed a *pro se* complaint (the 2002 malpractice lawsuit) in the Court of Common Pleas of Charleston County against Manton Grier, James Y. Becker, and Sinkler & Boyd, P.A. Respondent alleged legal malpractice against the attorneys who had represented her in the 1999 Lawsuit against Tenet HealthSystem and East Cooper.[4]

Venue was transferred to Richland County on motion of the defendants. Respondent appealed both the order transferring venue and the court's denial of her motion for clarification of the order transferring venue to Richland County. Respondent invoked a wide array of appellate procedures, extending the interlocutory appeal of a change of venue for more than a year. Respondent moved for transfer of venue back to Charleston County, citing the convenience of numerous physicians who resided and worked in Charleston and who would be witnesses in her case-in-chief. Respondent frequently referred to fifty physicians whom she intended to call as witnesses. Virtually none of those witnesses testified at trial, and the one witness who did appear at trial testified regarding matters that were immaterial to Respondent's claims against her former lawyers.

While the appeal concerning venue was pending, Respondent filed numerous motions in Charleston County, which the court denied based upon lack of jurisdiction, as the case had been transferred to Richland County. Respondent appealed and, upon dismissal of the appeal, Respondent moved for rehearing and petitioned for a writ of certiorari from this Court. That round of appeals continued for nearly two years until October 2006.

---

[3] The Court certified the appeal from the court of appeals, and the appeal was pending when ODC filed the formal charges. The Court has since affirmed the summary judgment and sanctions orders. *See Holmes v. E. Cooper Cmty. Hosp., Inc.*, 408 S.C. 138, 758 S.E.2d 483 (2014).

[4] Respondent also sued her Tennessee lawyers for malpractice. That suit was dismissed.

In April 2007, Respondent filed an amended complaint *pro se* in the Court of Common Pleas in Richland County naming as defendants Manton Grier, James Y. Becker, and Haynsworth Sinkler Boyd, P.A., successor firm to Sinkler & Boyd, P.A. The case was transferred to the Court of Common Pleas in Charleston County pursuant to Respondent's change of venue motion.

Thereafter, Respondent filed numerous motions, including motions to "strike defendants' motion to quash"; a "request that defendants produce 'all documents'"; a "request that defendants supplement their response regarding Continuing Legal Education"; a "motion to compel regarding professional negligence actions"; a "motion to compel regarding defendants' insurance policy"; a "motion to compel with respect to legal articles, treatises, and like"; and a "motion to compel employment contracts." Respondent's motions were denied. Respondent filed a notice of appeal in the court of appeals appealing all of the orders denying her motions. Respondent then filed a Supplemental Notice of Appeal appealing additional orders the circuit court entered in March and July 2008. The court of appeals filed an order dismissing all of Respondent's appeals as interlocutory. Respondent then filed an "Amended Supplemental Notice of Appeal" appealing an order the circuit court filed in May 2008. That appeal was also dismissed. Respondent filed petitions for certiorari regarding both dismissals, which were denied. Respondent's petition for rehearing was also denied.

The case proceeded to trial on June 8, 2009. The circuit court granted a directed verdict in favor of all the malpractice defendants on all claims because the Respondent failed to present any evidence or expert testimony to establish the elements of her claims and on other grounds. The circuit court also dismissed the claims against the individual malpractice defendants because Respondent failed to file her lawsuit within the statute of limitations.

The malpractice defendants filed a motion for sanctions. Respondent then filed a motion to strike or dismiss the malpractice defendants' motion for sanctions, a motion for a new trial, a motion for reconsideration of the court's order denying Respondent's motion for continuance, and a motion for sanctions.

In November 2009, the circuit court denied all of the motions filed by Respondent and granted the malpractice defendants' motion for sanctions. The court awarded the malpractice defendants $200,000 in sanctions against Respondent, finding that she had "filed a nonmeritorious and baseless lawsuit" and

that she "lacked any substantial evidence to support her claims[,] that [her] initiation and continuation of this lawsuit was done with no reasonable cause, and that any reasonable attorney would have believed that the proceedings to date have been frivolous." The order also stated that Respondent "engaged in dilatory litigation tactics and appealed numerous interlocutory matters" which were "likewise frivolous and dilatory."

Respondent filed a notice of appeal in the court of appeals. In February 2010, the court of appeals dismissed the appeal.

In April 2010, Respondent hired Chalmers Johnson, who filed a notice of appearance and an amended notice of appeal, which appealed virtually every order issued in all Respondent's cases. The court of appeals dismissed that appeal in June 2011 for failure to file an initial brief and failure to communicate with the court. Respondent filed another appeal of the directed verdict and the sanctions order in the court of appeals. This Court certified the appeal.[5]

### VI. Panel's Finding of Misconduct

Based on the above facts, the Panel found that Respondent committed misconduct as defined in Rule 7(a), RLDE, Rule 413, SCACR, by violating Rules 3.1, 3.2, 3.3(a), 3.4, and 8.4(e), Rule 407, SCACR, and that Respondent is subject to discipline pursuant to Rules 7(a)(1) and (5), RLDE, Rule 413, SCACR.

### VII. Panel's Disciplinary Sanctions Recommendation

The Panel held a hearing on sanctions at which both parties presented evidence on August 13–14, 2013.

In considering the sanction recommendation, the Panel considered the following aggravating factors: (1) Respondent's multiple offenses and pattern of misconduct; (2) Respondent's failure to acknowledge the wrongfulness of her actions or express any remorse; (3) Respondent's indifference to her obligations to pay court-ordered sanctions; (4) Respondent's willful attempts to obstruct the

---

[5] The appeal was pending at the time ODC filed the formal charges. The Court has since affirmed the circuit court. *See Holmes v. Haynsworth, Sinkler & Boyd, P.A.*, 408 S.C. 620, 760 S.E.2d 399 (2014).

disciplinary process; and (5) Respondent's false statements in connection with these disciplinary proceedings.

Furthermore, the Panel considered the following mitigating factors: (1) Respondent's cooperation in the disciplinary process; (2) Respondent's lack of disciplinary history; and (3) the fact that some of Respondent's pleadings and appeals were filed with the assistance of counsel. The Panel explicitly rejected the following mitigating circumstances propounded by Respondent: (1) lack of dishonest or selfish motive; and (2) that there were delays in the disciplinary proceedings that were prejudicial to Respondent.

Based on the foregoing, the Panel recommended that this Court disbar Respondent; order her to pay the costs of the disciplinary investigation and formal proceedings; and order her to pay restitution in the following amounts:

1. $90,000 plus interest pursuant to the August 2009 sanctions order;

2. $200,000 plus interest pursuant to the November 2009 sanctions order (pending affirmation of that sanctions order by the supreme court on appeal); and

3. $53,447.15 plus interest pursuant to the February 2012 sanctions order (pending affirmation of that sanctions order by the supreme court on appeal).

## DISCUSSION

### I. Standard of Review

The sole authority to discipline attorneys and decide appropriate sanctions rests with this Court. *In re Welch*, 355 S.C. 93, 96, 584 S.E.2d 369, 370 (2003); *In re Thompson*, 343 S.C. 1, 10–11, 539 S.E.2d 396, 401 (2000). We are not bound by the Panel's recommendation and may make our own findings of fact and conclusions of law. *In re Hazzard*, 377 S.C. 482, 488, 661 S.E.2d 102, 106 (2008). Nonetheless, the findings and conclusions of the Panel are entitled much respect and consideration. *Thompson*, 343 S.C. at 11, 539 S.E.2d at 401. Moreover, "[a] disciplinary violation must be proven by clear and convincing evidence." *In re Greene,* 371 S.C. 207, 216, 638 S.E.2d 677, 682 (2006); *see also* Rule 8, RLDE, Rule 413, SCACR ("Charges of misconduct or incapacity shall be established by clear and convincing evidence, and the burden of proof of the charges shall be on

the disciplinary counsel.").

## II. Misconduct

Because Respondent is deemed to have admitted the factual allegations against her, we adopt the Panel's recommendation as to the finding of misconduct. Thus, we find Respondent violated Rules 3.1, 3.2, 3.3(a), 3.4, and 8.4(e), Rule 407, SCACR, and that Respondent is subject to discipline pursuant to Rules 7(a)(1) and (5), RLDE, Rule 413, SCACR.

## III. Exceptions

Respondent takes exception to the Panel's Report, claiming the Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §§ 15-36-10 to -100 (2009) (the FCPSA), on which basis sanctions were assessed against Respondent in the underlying cases, is unconstitutional. ODC argues the Court should accept the Panel's recommendation because the investigation and formal proceedings were conducted in accordance with Rule 19, RLDE, Rule 413, SCACR.

We agree with ODC that the primary focus of Respondent's brief—the merits of the underlying sanctions awards pursuant to the FCPSA—is irrelevant to this disciplinary action. Respondent simply repeats her previous positions in the 1999, 2000, 2005, and 2010 lawsuits, but does not challenge any of the Panel's findings concerning aggravation or mitigation of the sanction. Therefore, Respondent's brief does not constitute an exception to the Panel's Report, and we deem Respondent to have accepted the findings of fact, conclusions of law, and recommendations contained therein. *See* Rule 27(a), RLDE, Rule 413, SCACR ("The failure of a party to file a brief taking exceptions to the report constitutes acceptance of the findings of fact, conclusions of law, and recommendations."); *In re Prendergast*, 390 S.C. 395, 396 n.2, 702 S.E.2d 364, 365 n.2 (2010).[6]

---

[6] To the extent Respondent's brief accuses ODC of misconduct during the disciplinary process, not only do these contentions lack merit, but each of these arguments is conclusory. For example, Respondent accuses ODC of failing to provide her with notice; engaging in professional misconduct; prematurely filing formal charges because there had not yet been an adjudication on the merits; and failing to timely disclose the name of the Panel chair. The conclusory fashion in which these contentions are addressed in her brief constitutes abandonment of these issues. *See In re McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001)

*IV. Sanctions*

We find that the allegations of misconduct during the underlying litigation warrant Respondent's suspension from the practice of law. *See* Rule 7(b)(2), RLDE, Rule 413, SCACR.[7]

We further decline to adopt the Panel's recommendation regarding restitution, the sums of which are based on the various sanctions orders in the underlying litigation. We remind Respondent that she must comply with all of the court orders regarding sanctions. Additionally, we refer persons or parties seeking to separately enforce those court orders imposing monetary sanctions to the provisions of our laws concerning the enforcement of civil judgments. *See* Rule 69, SCRCP; S.C. Code Ann. §§ 15-39-10 to -50 (Supp. 2013).

## CONCLUSION

Based on the foregoing, we impose a definite suspension of two years pursuant to Rule 7(b)(2), RLDE, Rule 413, SCACR, and order Respondent to pay the costs of these proceedings. Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**TWO YEAR DEFINITE SUSPENSION.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

(holding an issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory).

[7] Respondent is currently under interim suspension for failing to register a valid e-mail address with the South Carolina Bar's Attorney Information System. *See In re Collie*, 406 S.C. 181, 749 S.E.2d 522 (2013).