# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Frank Barnwell McMaster, Respondent.

Appellate Case No. 2016-001527

---

Opinion No. 27697
Heard November 30, 2016 – Filed January 11, 2017

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel Lesley M. Coggiola and
Assistant Disciplinary Counsel Joseph P. Turner both
of Columbia, for Office of Disciplinary Counsel.

Frank Barnwell McMaster, of West Columbia, *pro se*.

---

**PER CURIAM:** In this disciplinary matter, neither the Office of Disciplinary Counsel ("ODC") nor respondent take exception to the Commission on Lawyer Conduct Panel's ("Panel") recommendation that respondent be: suspended for thirty months retroactive to March 2014; required to pay the costs of the disciplinary proceedings; and required to comply with ongoing monitoring conditions. We agree respondent committed misconduct, and accept the Panel's recommendation.

## FACTS

In 2013, respondent was arrested and charged with driving under the influence ("DUI"), first offense; failure to give or giving improper signal; and hit and run involving property damage. He pleaded guilty to DUI and improper turn; the remaining charge was dismissed. Respondent paid a fine.

Approximately one year later, respondent was arrested and charged with use of a firearm while under the influence of alcohol or drugs; disorderly conduct; and damaging/tampering with a vehicle. He pleaded guilty to unlawful carrying of a pistol and again paid a fine. Shortly after his arrest for the second incident, this Court placed respondent on interim suspension. *See In re McMaster*, 407 S.C. 213, 755 S.E.2d 107 (2014).

In November 2015, respondent and the ODC entered into a stipulation of facts, followed by the filing of formal charges on February 1, 2016. The formal charges assert respondent committed misconduct as defined in Rule 7(a), RLDE, and Rule 413, SCACR, by violating: (1) Rule 8.4(b) of the Rules of Professional Conduct, Rule 407, SCACR, in that he committed criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer; and (2) any other rule the Panel or Court might deem violated by respondent's conduct. The stipulation of facts provides:

> (1) on April 29, 2013, respondent was arrested and charged with DUI, first offense; failure to give or giving improper signal; and hit and run with property damage, resulting in respondent pleading guilty to DUI and improper turn in December 2013;
>
> (2) on February 20, 2014, respondent was arrested and charged with use of a firearm while under the influence of alcohol or drugs; disorderly conduct; and damaging or tampering with a vehicle, resulting in respondent pleading guilty to unlawful carrying of a pistol and forfeiting bond on the disorderly conduct charge;
>
> (3) Respondent submits the common thread in both incidents was alcohol abuse induced by depression associated with the dissolution of his marriage;
>
> (4) Respondent sought help from a licensed physician who monitored respondent tri-monthly, and who submitted a letter dated March 4, 2015, addressed to respondent's attorney stating respondent is mentally and physically sound to practice law;

(5) In January 2015, Respondent signed a two year monitoring agreement with Lawyers Helping Lawyers requiring he remain alcohol-free and actively participate in Alcoholics Anonymous by attending at least two meetings per week; by all accounts respondent has complied with the agreement;

(6) Respondent completed an evaluation at Carolina Psychiatric Services involving a Structured Diagnostic Interview and a psychiatric evaluation; the doctors completing both evaluations offered their professional opinion that respondent is capable of returning to the practice of law if he remains in treatment and maintains sobriety; and

(7) Respondent has no prior disciplinary issues prior to the aforementioned incidents, and submits he "deeply regrets" his conduct and is ashamed of it.

In April 2016, the Panel conducted an evidentiary hearing where respondent pledged his continued commitment to sobriety, rehabilitation, and the profession. The Panel's report noted aggravating and mitigating factors it considered, and recommended sanctions for respondent. As to aggravating factors, the Panel noted respondent engaged in illegal conduct. As to mitigating factors, the Panel noted: the absence of a prior disciplinary record; respondent's "full and free disclosure and cooperative attitude" in the disciplinary proceedings; and respondent's depression and dependency on alcohol. The Panel then recommended respondent: (1) be suspended from the practice of law for a period of thirty months, retroactive to the commencement of his interim suspension—March 4, 2014; (2) pay the costs of the disciplinary proceedings;[1] (3) complete the Legal Ethics and Practice Program Ethics School prior to reinstatement; (4) enter into another two year contract with Lawyers Helping Lawyers;[2] (5) continue treatment with his psychiatrist for a

_____

[1] The costs of the disciplinary proceedings total: $402.20.

[2] The recommendation further requests Lawyers Helping Lawyers file quarterly reports with the Commission during the two year contract period addressing respondent's compliance.

period of two years;[3] and (6) continue treatment with his medical provider for his depression and anxiety for a period of two years.[4] Neither the ODC nor respondent take exception to the Panel's recommendations.

## ANALYSIS

The decision to discipline an attorney is within the sound discretion of the Court. *In re White*, 391 S.C. 581, 587, 707 S.E.2d 411, 414 (2011) (citation omitted). This Court "may accept, reject, or modify in whole or in part the findings, conclusions[,] and recommendations of the Commission [on Lawyer Conduct]." Rule 27(e)(2), RLDE; Rule 413, SCACR. "Although this Court is not bound by the findings of the Panel and Committee, these findings are entitled to great weight, . . ." *In re Marshall*, 331 S.C. 514, 519, 498 S.E.2d 869, 871 (1998) (citing *In re Yarborough*, 327 S.C. 161, 165, 488 S.E.2d 871, 873 (1997)). "The 'central purpose of the disciplinary process is to protect the public from unscrupulous and indifferent lawyers.'" *In re Brown*, 361 S.C. 347, 355, 605 S.E.2d 509, 513 (2004) (per curiam) (quoting *In re Hall*, 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998) (per curiam)). "The primary purpose of . . . suspension is the removal of an unfit person from the profession for the protection of the courts and the public, not punishment of the offending attorney." *In re Brooks*, 324 S.C. 105, 108, 477 S.E.2d 98, 99 (1996) (per curiam) (citations omitted).

We find the Panel's recommendations are appropriate, and, therefore, suspend respondent for thirty months retroactive to March 4, 2014, require respondent to pay the costs of the disciplinary proceedings, and adopt the Panel's recommendations as to ongoing monitoring of respondent's condition. *See In re Marshall*, 331 S.C. at 519, 498 S.E.2d at 871; *cf. In re Johnson*, 386 S.C. 550, 560, 689 S.E.2d 623, 629 (2010) (citing as a mitigating factor respondent's lack of prior disciplinary history); *In re Woodruff*, 313 S.C. 378, 380, 438 S.E.2d 227, 228 (1993) ("While substance abuse is not a mitigating factor in attorney discipline matters, it is a factor in determining the appropriate sanction" (citation omitted)).

---

[3] The recommendation further requests the psychiatrist file quarterly reports with the Commission during the two year monitoring period addressing respondent's progress and compliance with his treatment plan.

[4] The recommendation further requests the medical provider file quarterly reports with the Commission during the two year monitoring period addressing respondent's progress and compliance with his treatment plan.

We further caution respondent that pursuant to Rule 410, SCACR, he is required to ensure his contact information in the Attorney Information System ("AIS") is current and accurate, and failure to do so may result in his being held in contempt of court. *See* Rule 410(g), SCACR ("Persons admitted to the practice of law in South Carolina shall have a continuing duty to verify and update their information in the AIS, and must ensure that the AIS information is current and accurate at all times. At a minimum, the contact information must include a mailing address, an e-mail address and a telephone number. Members must update their contact information within five (5) days of any change"); *see also In re Collie*, 406 S.C. 181, 749 S.E.2d 522 (2013) (placing a respondent on interim suspension for failure to follow the Court's directive to maintain current and accurate contact information in the AIS).

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW, JJ., and Acting Justice Costa M. Pleicones, concur.**